UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. **EDCV 21-0559-JWH (MAR)**                 Date: May 4, 2021

Title: *Danny Ray Garcia v. Christian Pfeiffer*

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Erica Valencia | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) MINUTE ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS, FAILURE TO EXHAUST STATE REMEDIES, DKT. 1**

       On March 30, 2021, the Court docketed Petitioner Danny Ray Garcia's Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 ("section 2254"). ECF Docket No. ("Dkt.") 1. The Petition contains one claim: Petitioner's Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed to file a Motion to Dismiss pursuant to California Penal Code section 995. See Dkt. 1 at 5, 11. However, this claim appears to be unexhausted. See id at 7.

       Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in the state courts. Exhaustion requires the petitioner to "fairly present" federal claims to the state courts before presenting them to the federal courts. Duncan v. Henry, 513 U.S. 364, 365 (1995). For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present both the operative facts and the legal principles that control each claim to the state courts. Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). Where none of the claims have been presented to the highest state court as required by the exhaustion requirement, the Court must dismiss the petition. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

       Here, Petitioner's single claim for relief was not fairly presented to the California Supreme Court. Indeed, as Petitioner acknowledges in his Petition, "Ground 1 was not presented to the California Supreme Court as this ground was not part of Petitioner's Appeal." See Dkt. 1 at 7.

       The Court will consider either of the following two options an appropriate response to this Order:
(1) Petitioner may voluntarily dismiss the Petition; or
(2) Petitioner may file a statement with the Court explaining whether his claim is or is not exhausted. If Petitioner's statement recognizes his claim as unexhausted, Petitioner must

also decide whether he seeks a stay[1] of the Petition pursuant to either Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines stay") or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) ("Kelly stay").

## A.    SEEKING A RHINES OR KELLY STAY

If Petitioner seeks a stay, Petitioner must identify which type of stay he seeks.

### 1.    Rhines Stay

Under Rhines, 544 U.S. 269, a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78. The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

If Petitioner seeks a Rhines stay, he must show there is "good cause" for his failure to exhaust his unexhausted claim(s) in state court.

### 2.    Kelly Stay

Under Kelly, the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. 315 F.3d at 1070-71. Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135. A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the

---

[1] The AEDPA's 1-year statute of limitations creates a risk that habeas petitioners who come to federal court with unexhausted claims risk forever losing their opportunity for federal review of those claims. See Rhines, 544 U.S. at 273-76 (discussing the development of district courts' "stay-and-abeyance" procedures). Under certain circumstances, district courts may stay petitions with unexhausted claims to preserve the petitioner's opportunity to seek federal relief once the claims have been exhausted. Id. at 278-79.

stay of <u>fully exhausted</u> petitions, requiring that any unexhausted claims be dismissed." <u>Id.</u> at 1139-40 (emphasis in original) (citing <u>Jackson</u>, 425 F.3d at 661).

      Therefore, while Petitioner need not show good cause to obtain a <u>Kelly</u> stay, he must show that the Petition contains at least one exhausted claim.  <u>See Id.</u>  Otherwise, if the Petition contains no exhausted claims, Petitioner may only seek a <u>Rhines</u> stay, and thus must show good cause as described above.

      Furthermore, while a <u>Kelly</u> stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA.  28 U.S.C. § 2244(d)(1); <u>see also</u> <u>King</u>, 564 F.3d at 1140-41 ("A petitioner seeking to use the <u>Kelly</u> procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely.")  After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" <u>Id.</u> at 1141 (internal citations omitted).

      The Court warns Petitioner that even if he obtains a <u>Kelly</u> stay, any newly-exhausted claim(s) may be time-barred when Petitioner would file his First Amended Petition.

      Petitioner is therefore **ORDERED** to respond to this Order **on or before May 18, 2021 (14) days** either by:

(1) voluntarily dismissing his Petition; or, alternatively,
(2) addressing whether his claim is or is not exhausted, and requesting a <u>Kelly</u> or <u>Rhines</u> stay accordingly.

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing the Petition pursuant to Rule 41(a)(1)(A).**  If Petitioner would like to voluntarily dismiss his Petition, the Court has attached the CV-9 form.

      **The Clerk of Court is directed to serve a copy of this Order with a blank CV-9 form on Petitioner at his current address of record.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | ev |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SHON OLIVENTA WILLIAMS,

Plaintiff(s),

v.

L. BIRD,

Defendant(s).

CASE NUMBER

CV 21-3375-MWF (PLA)

**NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)**

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____        _____
*Date*                        *Signature of Attorney/Party*

*NOTE: F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

CV-09 (03/10)        **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)**