UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY RAY GARCIA,<br><br>                  Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>                  Respondent. | Case No. 5:21-559-JWH (MAR)<br><br>ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

# I.
# **INTRODUCTION**

On March 30, 2021, Danny Ray Garcia ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. ECF Docket No. ("Dkt.") 1. On May 4, 2021, the Court issued an "Order to Show Cause Why the Petition Should Not Be Dismissed Due to Failure to Exhaust" ("OSC"). Dkt. 9. While Petitioner has responded to the OSC, Petitioner has failed to show that the Petition has been exhausted. Thus, for the reasons discussed below, the Court summarily **DISMISSES** this action without prejudice.

# II.
# **SUMMARY OF PROCEEDINGS**

On March 30, 2016, Petitioner was convicted of carjacking, robbery, assault with a deadly weapon, and participation in a criminal street gang. Dkt. 1 at 2, 12–14. Petitioner was sentenced to twenty-four (24) years plus thirty (30) years to life. Id. at 14.

On March 30, 2021, Petitioner filed the instant Petition in this Court, asserting only one claim of ineffective assistance of counsel. Dkt. 1 at 11. Petitioner bases this claim on his trial counsel's failure to file a motion to dismiss. Id.

On May 4, 2021, the Court issued an OSC instructing Petitioner to explain "whether his claim is or is not exhausted," as the Petition appears to be unexhausted. Dkts. 1 at 7, 3 at 1, 3.

Petitioner filed a response to the OSC ("Response") on May 19, 2021, claiming that Petitioner "has exhausted his administrative remedies in state court and there is no Kelly or Rhines stay necessary." Dkt. 10 at 2. Petitioner has not otherwise attempted to show that his ineffective assistance of counsel claim is exhausted.

# III.

# **DISCUSSION**

**A. THE PETITION IS SUBJECT TO DISMISSAL AS WHOLLY UNEXHUASTED**

**1. Applicable law**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

**2. Analysis**

Here, Petitioner admits that his ineffective assistance of counsel ("IAC") claim "was not presented to the California Supreme Court as this ground was not part of Petitioner's Appeal." Dkt. 1 at 7. Furthermore, Petitioner appears to have filed a habeas petition in California Superior Court containing only one (1) claim: "[i]mproper imposition of sentencing enhancements and Motion to Strike." Id. at 5. This petition did not appear to include the IAC claim Petitioner raises in the instant

3

Petition. Id. However, even if the petition did include Petitioner's IAC claim, Petitioner does not indicate that his state petition ever reached the California Supreme Court. Id. Accordingly, Petitioner's IAC claim does not appear to have been presented to the California Supreme Court.

Petitioner's Response offers no evidence that Petitioner's IAC claim is exhausted.[1] Notably, Petitioner's Response affirmatively rejects a Kelly or Rhines stay to allow Petitioner to exhaust his claim. Dkt. 10 at 2. Therefore, the Petition is subject to dismissal without prejudice as wholly unexhausted.

## IV.
## ORDER

Thus, this Court **ORDERS** Judgment be entered summarily **DISMISSING** this action without prejudice.

**IT IS SO ORDERED.**

Dated: July 6, 2021

HONORABLE JOHN W. HOLCOMB
United States District Judge

Presented by:

HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

---

[1] Petitioner's Response only contains a declaration from counsel that Petitioner's administrative remedies have been exhausted. Dkt. 10 at 2. Whether Petitioner has exhausted his administrative remedies is irrelevant to the statutory requirement that federal habeas petitioners must exhaust state remedies with respect to each of their claims. See 28 U.S.C. § 2254(b)(1)(A).

4